IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER O'NEIL McCUNE                               PETITIONER

VS.                                        CIVIL ACTION NO. 3:18cv861-DPJ-FKB

JOANN SHIVERS, WARDEN, et al.                           RESPONDENTS

## REPORT AND RECOMMENDATION

Christopher O'Neil McCune is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss the petition as untimely, and McCune has responded to the motion. The undersigned recommends that the motion be granted.

McCune was convicted in the Circuit Court of Newton County, Mississippi, of murder and aggravated assault, for which he was originally sentenced to terms of life and 25 years, respectively. The court amended the judgment shortly thereafter to comply with the 20-year maximum penalty for aggravated assault set forth in Miss. Code Ann. § 97-3-7. Under the amended judgment, McCune was sentenced to life imprisonment for murder and 20 years for aggravated assault, with the 20-year term to run consecutively to his life sentence. The Mississippi Supreme Court affirmed McCune's convictions and sentences on July 17, 2008. *McCune v. State*, 989 So. 2d 310 (Miss. 2008). He filed no petition for writ of certiorari to the United States Supreme Court. McCune's § 2254 petition was filed with this court on or after December 13, 2018.[1]

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). McCune's petition was signed on December 13, 2018, and it was file-stamped by this court on December 17, 2018. Thus, it was filed sometime between these dates.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because McCune did not petition the United States Supreme Court for a writ of certiorari, his judgment became final when his 90-day period for doing so expired, *i.e.*, on October 15, 2008 (90 days after the state supreme court affirmed his convictions and sentences). *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the

2

Supreme Court has expired.")  McCune had one year from that date, or until October 19, 2009, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during which a properly-filed motion for post-conviction relief was pending in the state court.  McCune did not seek post-conviction relief prior to October 15, 2009.  Therefore, his one-year period expired on that date, and his federal petition was filed several years too late.

In his response to the motion, McCune attempts to avail himself of the "actual innocence" exception to AEDPA's time-bar.  Specifically, he argues that his indictment was defective and that therefore he is innocent and his sentence is illegal.  The standard for making a showing of actual innocence such that a late petition will be considered is demanding.  *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013).  The exception applies only to that very limited number of cases in which newly discovered evidence indicates that "it is more likely than not that no reasonable juror would have convicted [the petitioner]."  *Id.* at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  McCune's argument regarding his indictment does not meet this standard.

Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the

district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 3d day of May, 2019.

                                            s/ F. Keith Ball
                                            United States Magistrate Judge