UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER O'NEIL McCUNE             PETITIONER

V.             CIVIL ACTION NO. 3:18-CV-861-DPJ-FKB

JOANN SHIVERS, WARDEN, et al.             RESPONDENTS

ORDER

This habeas petition filed under 28 U.S.C. § 2254 is before the Court on Respondents' Motion to Dismiss [12] and the Report and Recommendation [15] of United States Magistrate Judge F. Keith Ball. Judge Ball recommended dismissal because McCune failed to file his petition within the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Judge Ball further noted that McCune failed to establish the actual-innocence exception to this deadline. McCune filed a timely Objection [16].

There is no dispute that McCune filed his petition more than a decade after the deadline expired. But he urges the Court to reject Judge Ball's recommendation that the actual-innocence exception is inapplicable. That exception applies to "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). And not just any evidence will do. "A defendant must show new reliable evidence not presented at trial. Examples of new reliable evidence are exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 803 (2019), *reh'g denied*, 139 S. Ct. 1288 (2019).

In his Objection, McCune states that (1) "no reasonable jury would have convicted [him] if they knew of the defective indictment or if they honestly knew all the circumstances which

took place," Pet'r's Obj. [16] at 1; (2) his counsel was ineffective for failing to properly investigate, *id.* at 2; and (3) "he is innocent of his crimes," *id.*  But McCune offers no evidence of his innocence, much less new evidence.  Even assuming there was a defect in the indictment, it existed before his 2008 trial so there is nothing new.  Moreover, it would not establish actual innocence.  *See Justo v. Culliver*, 317 F. App'x 878, 880 (11th Cir. 2008) (holding that defective indictment failed to establish actual innocence).

Absent new evidence that McCune is actually innocent, his petition is untimely.  The Court therefore adopts Judge Ball's Report and Recommendation [15] as the Court's opinion.  Respondent's Motion to Dismiss [12] is granted, and the petition is dismissed.[1]  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of May, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] McCune's "motion to order the name of superintendent and/or warden at the institution where McCune is incarcerated as the proper respondent in said action" [7] is considered moot.